**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

SAMIRA SANGARE,

          Plaintiff,

          -v-                                1:24-CV-555 (DNH/PJE)

THE CITY OF ALBANY _et al._,

          Defendants.

_____

APPEARANCES:                            OF COUNSEL:

SAMRA SANGARE
Plaintiff, Pro Se
7 Cold Springs Drive
Clifton Park, NY 12065

**Hon. David N. Hurd, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On April 22, 2024, _pro se_ plaintiff Samira Sangare ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that defendants violated her constitutional rights by, _inter alia_, forcibly arresting her on April 22, 2021.  Dkt. No. 1.  Along with her complaint, plaintiff moved for leave to proceed _in forma pauperis_ ("IFP Application").  Dkt. No. 2.

On January 2, 2025, U.S. Magistrate Judge Christian F. Hummel granted plaintiff's IFP Application and, after an initial review of her pleading, advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend.  Dkt. No. 4.  While the R&R was pending review, plaintiff filed an amended complaint.  Dkt. No. 5.  Accordingly, this Court adopted the R&R and referred plaintiff's amended complaint for an initial review before U.S.

Magistrate Judge Paul J. Evangelista, who had been reassigned to this matter following Judge Hummel's retirement.  *See* Dkt. No. 6.

On June 8, 2026, Judge Evangelista conducted an initial review of plaintiff's amended complaint and advised by R&R that plaintiff's § 1983 Fourth Amendment individual-capacity excessive force claims proceed against defendants Albany Police Department Sergeant Anthony DiGiuseppe, Detective PJ O'Donovan, and Officers John Does.  Dkt. No. 7 at 7 (permitting claims to proceed "against the individual officers in their individual capacities").  However, Judge Evangelista concluded that plaintiff's other claims should be dismissed <u>without</u> prejudice (except for her Fourteenth Amendment "deprivation of property without due process claim" and her <u>official-capacity</u> claims against defendants Sheehan and Hawkin, which he advised should be dismissed <u>with</u> prejudice).  *Id*. at 30–32.

Judge Evangelista explained that ordinarily, the next step would be to order service on the surviving defendants.  However, because he was recommending that plaintiff be given one final opportunity to amend the claims that were being dismissed without prejudice, Judge Evangelista advised that service be held in abeyance pending a thirty-day period in which plaintiff would be provided an opportunity to file a second amended complaint.  Dkt. No. 7 at 30–32.

Notably, though, Judge Evangelista cautioned plaintiff that any second amended complaint would replace and supersede her amended complaint in its entirety.  Dkt. No. 7 at 30 n.14.  Thus, in order to file a second amended complaint *and* proceed on her § 1983 Fourth Amendment individual-capacity excessive force claims against the individual officers, she would need to appropriately reallege those claims in any second amended pleading she might choose to file.  *See id*.

Plaintiff has not lodged objections, and the time period in which to do so has expired.  *See* Dkt. No. 7.  Upon review for clear error, the R&R is accepted and will be adopted.  FED. R. CIV.

P. 72(b).  Plaintiff will be afforded a thirty-day period in which she may—but is certainly not required to—file a second amended complaint that attempts to replead the claims that will be dismissed <u>without prejudice</u> to amendment.  However, plaintiff is cautioned that any second amended complaint must conform with the instructions set forth in Judge Evangelista's R&R.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 7) is ACCEPTED;

2.  Plaintiff's § 1983 Fourth Amendment individual-capacity excessive force claims SURVIVE initial review against defendants Sergeant Anthony DiGiuseppe, Detective PJ O'Donovan, and Officers John Does;

3.  Plaintiff's Fourteenth Amendment "deprivation of property without due process claim" is DISMISSED <u>with</u> prejudice;

4.  Plaintiff's <u>official-capacity</u> claims against defendants Sheehan and Hawkin are DISMISSED <u>with</u> prejudice as duplicative of claims against the City of Albany;

5.  Plaintiff's other claims are DISMISSED <u>without prejudice</u> to amendment;

6.  Plaintiff shall have thirty (30) days in which to file a second amended complaint; and

7.  At the expiration of this thirty-day period, the Clerk is directed to REFER the matter to Judge Evangelista for further action as appropriate, whether that be review of plaintiff's second amended pleading or an appropriate order relating to service on the remaining defendants.

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  July 1, 2026
         Utica, New York.

David N. Hurd
U.S. District Judge

- 3 -